■ CITY OF NEW YORK, Respondent, v EUGENE HOLLANDER et al., Appellants, et al., Respondents. — Order of the Supreme Court, New York County (Bradley, J.), entered June 11, 1984, which granted the petitioner City of New York's application and directed Eugene and/or Monica Hollander to deliver to the Sheriff all certificates of the stock of Henry and Warren Corporation for sale, and order of said court entered on October 17, 1984, denying a motion to renew and reargue, are unanimously affirmed, with costs.

At issue is the question of the ownership of the Henry and Warren Corporation, incorporated in New York State in 1963, and whose sole asset is a parcel of real estate located at 380 Henry Street in Brooklyn and presently leased to the Cobble

Hill Nursing Home. When first organized, the stock was issued 25 shares to Eugene Hollander and 25 shares to Monica, his wife, and the remainder of this 200-share corporation issued to another corporation owned by Eugene. In 1969, the shares of Eugene and of the other corporation having been canceled, 175 were issued to Monica who, since that time, has been the record owner of all 200 shares.

There are substantial claims against Eugene and, to a lesser extent, against Monica, by the City of New York for New York City occupancy tax for nursing homes at one time operated by him and various substantial claims by the New York State Department of Taxation and Finance for unpaid personal income tax and unincorporated business tax, plus interest and penalties, by the Industrial Commissioner of New York State's Department of Labor, by the United States Government for unpaid Federal unemployment taxes, etc. There is also a requirement that Eugene make restitution of $1,000,000 in connection with his plea of guilty and being placed on probation as a result of charges in the nursing home scandal. A $250,000 fine was paid by the corporation on his behalf and that is one reason why it is contended by the petitioner that the corporation is his alter ego. Another reason is that he had stated his ownership and control in connection with his plea bargain.

At the time of the order entered at Special Term, the stock certificates seemed to have been lost, and the court directed that Eugene, as president of the corporate appellant, issue replacement certificates and turn them over. However, they have since been found, and at issue is the question of the ownership.

We hereby affirm with respect to the stock being turned over to the Sheriff for sale. The relative priorities of the various public entities which have a claim against the interests of both Eugene and/or Monica are still to be determined. Concur — Murphy, P. J., Kupferman, Ross and Fein, JJ.